UNITED STATES of America, Appellee,

v.

Jacob S. SOBOTKA, Appellant.

No. 1029, Docket 79–1452.

United States Court of Appeals,
Second Circuit.

Argued April 17, 1980.

Decided May 6, 1980.

Albert S. Dabrowski, Asst. U. S. Atty., Hartford, Conn., (Richard Blumenthal, U. S. Atty., for the District of Connecticut, New Haven, Conn., Jay Hoffer, Law Student Intern, of counsel), for appellee.

Jacob S. Sobotka, pro se appellant.

Before MULLIGAN, Circuit Judge, and SPEARS * and SWEET **, District Judges.

MULLIGAN, Circuit Judge:

On November 19, 1979, Hon. T. Emmet Clarie, Chief Judge, United States District Court for the District of Connecticut, on the motion of the United States Attorney for the District of Connecticut and the Grievance Committee of the Bar of the State of Connecticut authorized the private disclosure of grand jury testimony to the Grievance Committee of the Windham County Judicial District, State of Connecticut ("the Committee"). The Committee had requested the order pursuant to Rule 6 of the Federal Rules of Criminal Procedure. The order of the district court is reversed and the matter is remanded.

On March 8, 1979 a federal grand jury sitting in Hartford, Connecticut returned a seven count indictment charging the appellant, Jacob S. Sobotka, an attorney admitted to practice in that state, and three other persons with multiple federal crimes includ-

ing substantive mail fraud violations, and conspiracy to commit mail fraud, perjury, and subornation of perjury. Sobotka was also charged with perjury in connection with his own testimony before a federal grand jury. On June 1, 1979 Sobotka was convicted in the United States District Court for the District of Connecticut after entering a plea of nolo contendere to a criminal information charging him with the felony of obstruction of justice in violation of 18 U.S.C. § 1503. On August 1, 1979, Sobotka was sentenced by Hon. M. Joseph Blumenfeld, Senior United States District Judge for the District of Connecticut, to a two year term of imprisonment, execution of sentence suspended, and two years probation. The original indictment was then dismissed following sentencing on the superseding information.

Sobotka, who had also been a member of the Bar of the United States District Court for the District of Connecticut, resigned from that bar by letter dated October 3, 1979. He did not resign from the Bar of the State of Connecticut. On November 1, 1979 the Committee advised the United States Attorney that it was its intention to initiate the presentment of Sobotka before the Connecticut Superior Court in a disciplinary proceeding to determine whether he should be disbarred or otherwise disciplined for his conduct which resulted in his conviction. The Committee indicated that it was apparent that Sobotka would contest the disciplinary proceedings and that a formal trial would be necessary. The Committee alleged a compelling need to learn of the evidence presented to the grand jury against Sobotka and to identify the witnesses against him.

Oral argument was heard before Judge Clarie with an Assistant United States Attorney, Counsel to the Grievance Committee of the Windham County Judicial District and Sobotka appearing. The court ruled from the bench that the Committee should be permitted to review the grand jury testimony, but that the information should not

---

* United States District Judge for the Western District of Texas, sitting by designation.

** United States District Judge for the Southern District of New York, sitting by designation.

be disclosed publicly and that the Committee hearing should be held in private. The district judge made no specific findings of fact or conclusions of law. Judge Clarie had not participated in the criminal proceedings against Sobotka. The district court stayed its own order, and on January 9, 1980 this court granted Sobotka's motion for a stay pending appeal.

## I

■ Although not raised as an issue by the parties, there is the threshold question as to whether this is an appealable order. In a comparable situation then Chief Judge Friendly characterized a motion directing the release of grand jury minutes as "obviously appealable." *In Re Biaggi,* 478 F.2d 489, 491 (2d Cir. 1973). However, in *Baker v. United States Steel Corp.,* 491 F.2d 1074 (2d Cir. 1974) a divided panel of this court held that an order directing the release to the Connecticut district court of certain federal grand jury testimony given previously in the Southern District of New York dealt with pretrial discovery and was therefore interlocutory and nonappealable. The majority distinguished *Biaggi* on the ground that there the question whether grand jury testimony should be released was the only matter pending before any court and unless review was granted at that point the issue could never have received appellate scrutiny. In this case, the only matter before the district court was the motion to grant the release of the grand jury minutes. While Sobotka may have appellate review on the merits if the Connecticut state court determines to take disciplinary action against him, the state courts obviously cannot determine whether the federal district court abused its discretion in releasing the minutes of the federal

grand jury proceedings under Fed.R.Crim. Proc. 6(e), the issue here involved. We do not read *Baker* therefore as precluding appellate review here and we consider this to be a final decision appealable under 28 U.S.C. § 1291. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 231–33, 99 S.Ct. 1667, 1679–80, 60 L.Ed.2d 156 (1979) (Rehnquist, J., concurring).

## II

■ Fed.R.Crim.Proc. 6(e)(3)(C)(i) provides that disclosure of matters occurring before the grand jury, otherwise prohibited by the rule, may be made "when so directed by a court preliminarily to or in connection with a judicial proceeding." It is clear that the Committee's inquiry here is preliminary to or in connection with a judicial proceeding within Rule 6(e). This has been the law of this circuit since *Doe v. Rosenberry,* 255 F.2d 118, 119–20 (2d Cir. 1958), and has been followed in other circuits, see e. g., *In the Matter of Disclosure of Testimony Before the Grand Jury,* 580 F.2d 281, 285–86 (8th Cir. 1978); *In re Special February 1971 Grand Jury v. Conlisk,* 490 F.2d 894, 896–97 (7th Cir. 1973). Sobotka's argument to the contrary is clearly without merit.

■ However, it does not follow that disclosure of grand jury matters, simply because it is preliminary to or in connection with a judicial proceeding, is automatically authorized. The Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of its proceedings. *See, e. g., Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 218, 99 S.Ct. at 1672. The reasons for this tradition of secrecy are well established and often repeated, and are set forth in the margin.[1]

1. The reasons for grand jury secrecy were noted by the Supreme Court in *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681–82 n.6, 78 S.Ct. 983, 986 n.6, 2 L.Ed.2d 1077 (1958), quoting *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir. 1954), as follows:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons sub-

ject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of

Obviously the veil of secrecy is lifted by Rule 6(e), but gingerly. Moreover, even where the literal requirements of Rule 6(e) are met, the court which is requested to direct the disclosure must balance the goal of a just result in a judicial proceeding against the countervailing policy of grand jury secrecy. *In re Biaggi, supra,* 478 F.2d at 492. The guidance provided by the Supreme Court for those courts which must perform this delicate balancing function is necessarily couched in broad terms. Perhaps the strongest expression in favor of protecting the secrecy of grand jury proceedings appears in *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958), where Mr. Justice Douglas held that " 'the indispensable secrecy of [the] grand jury proceedings', . . . must not be broken except where there is a compelling necessity." However, the Court has subsequently indicated that "[i]t is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 223, 99 S.Ct. at 1675.

■ One factor of significance here is that the grand jury which indicted Sobotka has completed its investigation and returned the indictment which was subsequently dismissed when Sobotka was found guilty under the superseding indictment. The Government argues that once the grand jury has completed its deliberations and handed down an indictment, "then most of the policies underlying the need for secrecy are no longer present." *United States v. Moten,* 582 F.2d 654, 663 (2d Cir. 1978). Most but not all. As the Supreme Court has noted, the showing of some necessity must be made even when the grand jury has concluded its investigation.

For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 222, 99 S.Ct. at 1674. In fact in *Douglas Oil Co.* the Court reversed disclosure of grand jury material, even though the grand jury had terminated its proceedings some four years before.

■ We conclude that while the necessity here be less compelling in view of the termination of the grand jury, nonetheless some necessity need be shown by the party seeking disclosure. A second factor which we think reduces the burden of the Committee here is that disclosure is not simply sought by a private person for use in a judicial proceeding but rather by "an independent public body charged with the performance of a public duty in a wholly disinterested and impartial manner." *Grievance Committee of Hartford County Bar v. Broder,* 152 A. 292, 296, 112 Conn. 263 (Sup.Ct. Conn.1930). The public interest in maintaining the professional integrity of the bar is obvious. Chief Judge Clarie's comments at the hearing below properly reflect a concern that the district court cooperate with the Committee in its endeavors to assure compliance with the professional canons of ethics.[2] The court was also solicitous in

the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

2. The rules for the Connecticut Superior Court provide that "the court" may for just cause punish or restrain any person engaged in the

unauthorized practice of law." 1 Conn. Practice Book, Rules for the Superior Court Trial Division § 19 (1977). Therefore the fact that Sobotka has been convicted of a felony in federal court does not automatically lead to his disbarment from the Connecticut courts.

insuring that the disclosure be kept within the confines of the Committee and not be disclosed publicly.[3]

Despite these considerations which would tend to support the decision below, the order permitting disclosure cannot be sustained. While the district court has the discretion to determine whether release of grand jury material should be permitted under Rule 6(e), it is recognized that such determination may be overturned where there has been an abuse of discretion. *Douglas Oil Co. v. Petrol Stops Northwest, supra*, 441 U.S. at 228, 99 S.Ct. at 1677. While there is an admitted public interest and concern in the professional ethics of the bar and in the integrity of those who practice in the state courts, that interest *per se* does not justify the disclosure here ordered. As the Court indicated in *United States v. Procter & Gamble Co., supra*, 356 U.S. at 682–83, 78 S.Ct. at 987, the showing of need must be made "with particularity" so that "the secrecy of the proceedings [may be] lifted discretely and limitedly." That particular holding was reiterated by the Court in *Douglas Oil Co. v. Petrol Stops Northwest, supra*, 441 U.S. at 221, 99 S.Ct. at 1674.

■ Here there was no showing of particularized need. The letter of the Committee which requested the material is set forth in pertinent part in the margin.[4] The compelling necessity suggested is the desire of the Committee to learn as much of the evidence against Sobotka before the grand jury as possible so that it could determine

whether he should be disciplined and, if so, the severity of the discipline. However, at the hearing the attorney for the Committee stated that Sobotka had been notified that it was the intention of the Committee to recommend to the Superior Court that he be disbarred based upon his federal felony conviction. The only particularity set forth in the letter is that the Committee be permitted to obtain "such portions" of the transcript as would permit it to adequately identify the witnesses against Sobotka. But that objective surely could have been achieved by an order disclosing the names and addresses of the witnesses rather than the full transcripts which were ordered to be divulged. It is not disputed that the Committee has subpoena powers and can compel testimony in relation to any matter deemed by the Committee to be relevant to its inquiry or investigation. 51 Conn.Gen. Stat.Ann. § 51–91 (West Supp.1980). Further, counsel for the Committee admitted at the hearing that the information it sought could be independently obtained albeit at considerable expense of time and effort.[5]

■ The district court below had the obligation to assess the strength of the particularized showing of need made by the Government in view of the case law and then to make an *in camera* examination of the pertinent portions of the grand jury transcript. The disclosure order must be structured to cover only the material required in the interests of justice. *Douglas Oil Co. v. Petrol Stops Northwest, supra*,

3. While the Committee assured the district court that its local proceedings could be conducted in secrecy, the transcript reveals that it was uncertain about the procedure on appeal to a statewide Grievance Committee. While we do not believe that a lack of confidentiality precludes release of the grand jury material, the record should be clarified as to the extent to which confidentiality on appeal can be assured.

4. "The Committee have a compelling need to learn as much of the evidence as possible against Mr. Sobotka for purposes of determining whether he should be disciplined and if so, the severity of such discipline. This information is needed preliminarily to and in connection with a judicial proceeding, name-

ly a presentment of Mr. Sobotka in the Superior Court of the State of Connecticut. Therefore, I request you to seek a Rule 6 order from the District Court to enable the Grievance Committee to obtain such portions of the grand jury transcripts as will enable the Committee to learn of the evidence against Mr. Sobotka and to adequately identify the witnesses against him for purposes of said disciplinary proceedings in the Connecticut Superior Court."

5. We note that no compelling necessity for disclosure is shown where it is merely easier or less expensive for the party seeking disclosure to have the full grand jury transcript at its disposal. See *United States v. Procter & Gamble Co., supra*, 356 U.S. at 683, 78 S.Ct. at 986.

441 U.S. at 222, 99 S.Ct. at 1674. The oral argument on this appeal indicated that the Committee proceedings are progressing. On remand it may well now be possible for the Committee to particularize its needs and specify the material it desires so that the court may be in a position to comply with this opinion.[6] We do not by any means foreclose disclosure but require that it be made discretely as the need for it becomes demonstrated.

---

6. We note that where the pending judicial proceeding for which disclosure of grand jury material is sought is being conducted in another district court, the Supreme Court has suggested that the better procedure is for the district court which receives the request for disclosure to send the materials to the district court where the civil action is pending for a determination of the need for disclosure. *Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 230–31, 99 S.Ct. at 1678–79. However, in the instant case, the disciplinary proceedings will be conducted in a state court. Aside from this, where the action pending in state court involves the ethical conduct of an attorney and his fitness to practice law, the district court itself should be in a position to make the determination. In *Douglas Oil Co.,* the pending action was a civil antitrust case which involved more complicated issues.