In the Matter of FEDERAL GRAND JURY PROCEEDINGS.

UNITED STATES of America, Appellee,

v.

John DOE, Appellant.

No. 930, Docket 84–1432.

United States Court of Appeals, Second Circuit.

Argued March 27, 1985.

Decided April 23, 1985.

William I. Aronwald, White Plains, N.Y. (Aronwald & Pykett, of counsel), for appellant.

Carl T. Solberg, New York, N.Y., Asst. U.S. Atty., S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Atty. for U.S., Stacey J. Moritz, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, and OAKES and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Petitioner John Doe appeals from an order of the United States District Court for the Southern District of New York, Kevin T. Duffy, J., denying as premature his motion, pursuant to Fed.R.Crim.P. 6(e), for disclosure of certain federal grand jury transcripts. Appellant seeks access to the transcripts in order to use them in connection with a grievance committee disciplinary proceeding brought against him in the New York State Supreme Court, Appellate Division, Second Department. For the reasons stated below, we affirm the order of the district court.

**I.**

Appellant, a lawyer and accountant, is the principal target of an investigation by a federal grand jury sitting in White Plains, New York, inquiring into possible violations of federal securities and bankruptcy laws. He is also the object of a disciplinary proceeding brought by the Grievance Committee for the Ninth Judicial District in the Supreme Court of the State of New York, Appellate Division, Second Department. A number of the factual issues raised in the grand jury's inquiry are, we are told, involved in the disciplinary proceeding, which is now pending before a special referee for evidentiary hearings. These hearings were scheduled to begin in December 1984. Before any hearings were held, however, appellant moved in the United States District Court for the Southern District of New York, pursuant to Rule 6(e), for an order directing that he be allowed access to the grand jury transcripts of any witnesses before the grand jury who were to be called by the Grievance Committee as witnesses. Appellant apparently had already been informed by counsel for the Grievance Committee that one of the Committee's scheduled witnesses acknowledged having testified before the grand jury. The government opposed the motion, claiming that appellant had failed to make the showing of particularized need required under Rule 6(e)(3)(C)(i) before grand jury secrecy can be breached.

In an endorsement dated November 28, 1984, the district court denied appellant's petition as "at best premature," noting:

It is clear from petitioner's own papers that the Grand Jury proceeding has not terminated nor has any witness against him actually been called before the Grievance Committee. Under the circumstances it is clear that this motion is merely a ploy whereby the putative target of a Grand Jury proceeding is attempting to breach the secrecy of the

proceeding to obtain information prior to any determination by the Grand Jurors. The court closed by stating: "If any witness does appear before the Grievance Committee, petitioner can ascertain whether the witness has testified before the Grand Jury and can request a continuance from the Grievance Committee at which time, perhaps, real need within the meaning of Rule 6(e) can be shown."

This appeal followed. The Appellate Division's special referee has apparently delayed hearings in the disciplinary proceeding pending this court's determination.

## II.

Before reaching the merits of appellant's motion, we address the question whether the district court's order is appealable. The government argues that since the court merely held appellant's petition to be "premature" and gave him leave to renew it as soon as a grand jury witness is called in the disciplinary proceeding, the order does not constitute a "final decision" within the meaning of 28 U.S.C. § 1291. The government also contends that the order does not fit within the "collateral order" doctrine, which gives us jurisdiction to hear appeals from certain orders that are not final judgments "in the ordinary sense." *United States v. Harris,* 707 F.2d 653, 656 (2d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).

■ The appealability of the order before us is governed by the rationale of our decision in *United States v. Sobotka,* 623 F.2d 764 (2d Cir.1980). In that case, the subject of a grievance committee inquiry sought reversal of a district court order authorizing the private disclosure to the grievance committee of grand jury testimony relating to his alleged misconduct. We held the order to be appealable under 28 U.S.C. § 1291 since the Rule 6(e) motion was "the only matter before the district court." *Id.* at 766. In the instant case, the government seems to argue that the willingness of the district court to entertain a future application by appellant makes this case distinguishable from *Sobotka.* We do

not believe that *Sobotka* can be so distinguished. The order here "terminate[d] a separate proceeding pending before the grand jury court." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 233, 99 S.Ct. 1667, 1680, 60 L.Ed.2d 156 (1979) (Rehnquist, J., concurring); *see also In re Grand Jury Investigation* (New Jersey State Commission of Investigation), 630 F.2d 996, 999–1000 (3d Cir.1980), *cert. denied,* 449 U.S. 1081, 101 S.Ct. 865, 66 L.Ed.2d 805 (1981); *Baker v. United States Steel Corp.,* 492 F.2d 1074, 1078 (2d Cir. 1974); *Doe v. Rosenberry,* 255 F.2d 118 (2d Cir.1958); *see* 8 J. Moore, Moore's Federal Practice ¶ 6.05[7][d] at 6–137 (1984). That the district court left appellant free to renew his motion for access does not make the order nonappealable now; this was merely a sensible recognition by the judge that different facts might lead to a different result on the merits. *See In re Grand Jury Investigation of Cuisinarts, Inc.,* 665 F.2d 24, 30 (2d Cir.1981), *cert. denied,* 460 U.S. 1068, 103 S.Ct. 1520 (1983). We therefore turn to the substance of the appeal before us.

## III.

■ Appellent's petition relies on Rule 6(e)(3)(C)(i), which authorizes disclosure of grand jury material "when so directed by a court preliminarily to or in connection with a judicial proceeding." Under our cases, it is settled that the hearings ordered by the Appellate Division here and initiated by the Grievance Committee are a "judicial proceeding" within the meaning of this provision. *See Sobotka, supra,* 623 F.2d at 766; *Rosenberry, supra,* 255 F.2d at 119–20. Though the Supreme Court in *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), took note of, without addressing, "the knotty question of what, if any, sorts of proceedings other than garden-variety civil actions or criminal prosecutions might qualify as judicial proceedings under (C)(i)," *id.* at 3166 n. 2, we do not believe that *Baggot* requires a departure from our rule that grievance committee proceedings so qualify. *See* Note,

*Facilitating Administrative Agency Access to Grand Jury Material,* 91 Yale L.J. 1614, 1625–28 (1982).

■ Our conclusion that the disclosure sought here is "in connection with a judicial proceeding," however, is simply the beginning of our inquiry. "[E]ven where the literal requirements of Rule 6(e) are met, the court which is requested to direct the disclosure must balance the goal of just result in a judicial proceeding against the counterveiling policy of grand jury secrecy." *Sobotka, supra,* 623 F.2d at 767. The reasons for this secrecy have been exhaustively set out elsewhere and require no discussion here. *See Douglas Oil, supra,* 441 U.S. at 219, 99 S.Ct. at 1673; *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 985–86 n. 6, 2 L.Ed.2d 1077 (1958), quoting *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir.1954). Recognizing the importance of secrecy to the proper functioning of the grand jury system, the Supreme Court has established a strict test of particularized need:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674.

In making this difficult determination, a district court has been "infused with substantial discretion." *Id.* at 223, 99 S.Ct. at 1675; *see Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959). This standard must govern our review of the order under attack here. Appellant argues that he needs the grand jury testimony of those grand jury witnesses who are scheduled to be called in the disciplinary hearings in order to refresh their recollections or impeach and otherwise test their credibility in the course of the hearings. The Supreme Court has indeed recognized that

a petitioner's desire to use grand jury transcripts in subsequent proceedings for these purposes may constitute the particularized need required for disclosure. *See Pittsburgh Plate Glass, supra,* 360 U.S. at 399, 79 S.Ct. at 1240; *Procter & Gamble, supra,* 356 U.S. at 683, 78 S.Ct. at 986.

■ An asserted desire to cross-examine effectively, however, should not give a petitioner license to page through grand jury minutes; "a much more particularized, more discrete showing of need is necessary to establish 'good cause.'" *Procter & Gamble, supra,* 356 U.S. at 683, 78 S.Ct. at 986 (applying Fed.R.Civ.P. 34 standard). There is no "absolute right" to the grand jury testimony of a witness who later testifies in a different judicial proceeding. *Pittsburgh Plate Glass, supra,* 360 U.S. 400–01, 79 S.Ct. at 1241–42. It was thus the duty of the district court here to ascertain whether appellant's need to cross-examine a particular witness at the disciplinary hearing outweighed the policy favoring grand jury secrecy. If this were a case in which the judicial proceeding giving rise to the petition were in another federal district court, Judge Duffy could, under the recent amendment to the federal criminal rules, have transferred the petition to the district of that proceeding so that the court most familiar with the proceeding could assess the particularized need asserted by petitioner. *See* Fed.R.Crim.P. 6(e)(3)(E); *Douglas Oil, supra,* 441 U.S. at 228–31, 99 S.Ct. at 1677–79. Despite the unavailability of this procedure, *see Sobotka, supra,* 623 F.2d at 768–69 & n. 6, the district court here was nevertheless not relieved of its duty. *See* Rule 6(e)(3)(E) advisory committee note ("[u]ltimate resolution" of disclosure motion "cannot be placed in the hands of the state court"). But since not a single witness has testified in the disciplinary proceeding, the district judge had no material upon which to base any assessment of need. The judge's decision to deny appellant's petition now was thus not merely understandable but quite proper.

Noting that the grand jury investigating appellant's alleged crimes had yet to reach

any determination, the district court labeled appellant's petition "a ploy whereby the putative target of a Grand Jury proceeding is attempting to breach the secrecy of the proceeding to obtain information." Without necessarily accepting this characterization, we believe that the district court correctly recognized that the pendency of a grand jury inquiry places an especially heavy burden upon any party seeking disclosure of minutes from that grand jury. Regardless of whether or not a disclosure petition is intended to threaten the freedom of grand jury deliberations, it may have that effect. *See United States v. Moten,* 582 F.2d 654, 662–63 (2d Cir.1978).

Appellant argues that any requirement that he wait until a grand jury witness appears in the disciplinary proceeding before renewing his disclosure petition "is unduly burdensome and, assuming the request for continuance were granted, would serve only to delay the orderly progress of the disciplinary proceedings and would also cause greater inconvenience to the witness who, upon such motion being granted, would have to return for continued cross-examination." To avoid this predicted disruption, appellant has proposed that the grand jury testimony of any witness scheduled to be called in the disciplinary hearings be disclosed immediately to the special referee presiding over those hearings; such materials, appellant notes, could be placed under protective order with disclosure to appellant conditioned upon a finding by the special referee, made after that witness' direct testimony, that disclosure is warranted. We think this would be an inappropriate procedure. As we have already noted, in this situation the duty to determine whether particularized need has been shown must remain with a federal court and cannot be delegated to a state court or its investigative arm. Moreover, we do not share appellant's fears that a future renewal of his motion will disrupt the progress of the disciplinary proceeding. Any time a grand jury witness appears in the disciplinary proceeding, appellant may return to the district court armed with the witness' testimony in that proceeding and

seek disclosure of the witness' grand jury testimony. The government would have the duty of providing the grand jury transcript to the district court in camera. The court would then have a fair basis on which to determine promptly whether the particularized need of appellant to have the grand jury minutes outweighs the need for grand jury secrecy. Appellant's burden at that time would not be a light one, as indicated by our decision in *Sobotka, supra,* 623 F.2d at 768. In any event, this court stands ready to hear any appeal from that determination, on an expedited basis if necessary. We are confident that the state authorities will continue to accommodate federal proceedings in this matter.

The order of the district court is affirmed.