**In re GROCERY PRODUCTS GRAND JURY PROCEEDINGS OF 1983.**
(Two Cases).

Misc. Civ. Nos. N 86–29(JAC),
B 86–29(JAC).

United States District Court,
D. Connecticut.

July 7, 1986.

Dorothy Anderson, Asst. Atty. Gen., Boston, Mass., for State of Mass.

Steven M. Rutstein, Asst. Atty. Gen., Hartford, Conn., for State of Conn.

T. Barry Kingham, New York City, for The Stop & Shop Companies, Inc.

John T. Kotelly, Washington, D.C., Robert W. Sullivan, Windsor Locks, Conn., for First Nat. Supermarkets, Inc.

David L. Foster, New York City, Richard Blumenthal, Stamford, Conn., for Waldbaum, Inc.

## RULING ON PETITIONS TO INSPECT AND COPY TRANSCRIPT OF GRAND JURY TESTIMONY

JOSÉ A. CABRANES, District Judge:

The States of Connecticut and Massachusetts have separately petitioned the court for permission to inspect and copy portions of testimony given in 1983 before a federal grand jury investigating possible criminal antitrust violations by supermarkets operating in Connecticut and Western Massachusetts. The investigation resulted in the return of indictments against two supermarket chains and two individuals employed by those supermarket chains. All criminal proceedings arising out of the investigation have since been concluded before this court.[1]

The states have each brought civil *parens patriae* actions under the federal antitrust laws against the supermarket chains that were targets of the grand jury investigation. The State of Connecticut contends that the supermarket chains conspired to "eliminate the redemption of manufacturers' coupons at twice the face value of the coupons" and to "eliminate competition on the retail price of turkeys and eggs" in supermarkets in Connecticut and Massachusetts. Memorandum in Support of Peti-

---

**1.** On August 15, 1984, the grand jury returned two one-count indictments carrying the captions *United States of America v. Waldbaum, Inc., Kenneth Abrahams, and Raymond M. Korfant,* Criminal Number B 84–50 (JAC) and *United States of America v. The Stop & Shop Companies, Inc. and Waldbaum, Inc.,* Criminal Number B 84–51 (JAC). The defendants in Criminal Number B 84–51 (JAC) entered pleas of *nolo contendere* before this court in April 1985; in Criminal Number B 84–50, the defendants Kenneth Abrahams and Waldbaum, Inc. were acquitted after a jury trial in March 1985, while the defendant Raymond M. Korfant entered a plea of guilty before this court on November 21, 1985.

tion of Plaintiff State of Connecticut to Obtain Grand Jury Transcript (filed May 23, 1986) at 2. The suit filed by the State of Massachusetts alleges only a conspiracy "to eliminate 'double coupon' offers in supermarkets operated by the Defendants in Massachusetts and Connecticut." Memorandum in Support of Motion of Commonwealth of Massachusetts to Obtain Grand Jury Transcript (filed March 24, 1986) at 1.

One of those who testified before the federal grand jury was John Davey, who was then the vice president of grocery merchandising for one of the supermarket chains involved in the alleged conspiracy. It is his testimony that the states seek to inspect and copy in these actions.

Mr. Davey has agreed since the filing of these actions to waive his Fifth Amendment privilege against self-incrimination and to respond to the states' inquiries concerning the alleged antitrust conspiracy. *See* Affidavit of Steven M. Rutstein (filed May 29, 1986) ("Rutstein Affidavit") ¶ 4; Affidavit of Dorothy Anderson (filed June 18, 1986) ("Anderson Affidavit") ¶¶ 5–6. However, the states contend that access to Mr. Davey's grand jury testimony "is still necessary in order to refresh the recollection of Mr. Davey in light of the fact that many of the events which are the focus of the State's investigation took place at least four years ago." Rutstein Affidavit at ¶ 5; *see also* Anderson Affidavit at ¶ 8. The application for access to Mr. Davey's testimony is opposed by the defendants in the civil antitrust suits.[2]

## I.

It traditionally has been recognized that "the policy of secrecy is essential to the integrity of the grand jury." *In re Grand Jury Investigation of Cuisinarts, Inc.,* 665 F.2d 24, 32 (2d Cir.1981), *aff'g* 516 F.Supp. 1008 (D.Conn.), *cert. denied,* 460 U.S. 1068, 103 S.Ct. 1520, 75 L.Ed.2d 945 (1983) ("*Cui-*

sinarts"); *see also Douglas Oil Company v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979) ("*Douglas Oil*"). Accordingly, the law makes few exceptions to "the historic rule of grand jury secrecy." *Cuisinarts, supra,* 665 F.2d at 32.

■ A federal district court is authorized to order the disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding," Rule 6(e)(3)(C)(i), Fed.R.Crim.P., only upon a showing of "particularized need" by the party seeking such disclosure. *Douglas Oil, supra,* 441 U.S. at 222 & n. 12, 99 S.Ct. at 1674 & n. 12. The court is to permit disclosure only if it is persuaded that

the need to disclose is greater than the need for continued secrecy, that the material sought is needed to avoid a possible injustice in another judicial proceeding, and that the request is structured to cover only material so needed.

*Id.* at 222, 99 S.Ct. at 1674.

■ This three-pronged test of particularized need is to be applied regardless of whether the disclosure of grand jury materials is sought by the government or by a private person. *Illinois v. Abbott & Associates, Inc.,* 460 U.S. 557, 567–568 n. 15, 103 S.Ct. 1356, 1361–62 n. 15, 75 L.Ed.2d 281 (1983). However, in appropriate cases, the court may factor into its analysis "the public interest, if any, served by disclosure to a governmental body." *Id.*

## II.

The court turns first to the question whether the states have demonstrated a particularized need for the testimony of Mr. Davey sufficient to overcome the need to preserve the secrecy of grand jury proceedings.

---

**2.** The United States, through the attorneys who prosecuted the criminal antitrust suits that arose out of the grand jury investigation, does not oppose the states' petitions "provided that [the states] can demonstrate a particularized need for such testimony to the satisfaction of

the Court." Government's Memorandum in Response to the State of Connecticut's Petition to Inspect and Copy Relevant Portions of the Grand Jury Testimony of John Davey (filed June 3, 1986) at 4.

■ The states no longer contend that Mr. Davey is unwilling or unable to assist in its investigation into the alleged anticompetitive practices of the supermarket chains; instead, they merely speculate that Mr. Davey's grand jury testimony may prove useful to refresh his memory about events that occurred some years ago. There is no indication in the records of these cases of any significant lapses of memory by Mr. Davey; indeed, the record contains nothing more than representations by counsel for the State of Massachusetts that "Mr. Davey did indicate that his memory concerning the subject events ... was not as good as it had been when he testified before the grand jury in 1983." Anderson Affidavit at ¶ 8. However, courts ought to be reluctant to depart from "the historic rule of grand jury secrecy," *Cuisinarts, supra*, 665 F.2d at 32, solely on the basis of generalized assertions about the fading of memory that inevitably occurs with the passage of time. Otherwise, one could always establish a particularized need for grand jury testimony simply by waiting a few years before requesting it.

Furthermore, the states have access to the records of the extensive criminal proceedings against those who were indicted by the grand jury before which Mr. Davey testified; these records include Mr. Davey's own testimony as a government witness at the trial of *United States v. Waldbaum, Inc.*, Criminal Number B 84–50 (JAC). It is entirely possible that any necessary jogging of Mr. Davey's memory could be accomplished by these records alone. Finally, the states have failed to establish that other persons with whom Mr. Davey is known to have dealt in connection with the activities at issue are unwilling or unable to assist in the investigation.

■ It is true that the need to preserve the secrecy of grand jury proceedings diminishes where, as in the instant case, the grand jury has been disbanded. However, "the need to limit disclosure does not cease entirely after the grand jury has completed its term, but rather remains, albeit somewhat reduced, once the proceedings of the grand jury have been concluded." *Cuisinarts, supra*, 665 F.2d at 33. That is because "[t]here is always the risk that if [future witnesses before the grand jury] knew their statements would readily come to light, their responses to questions could become guarded." *Id.* Accordingly, a court may disclose testimony before a disbanded grand jury only upon a showing that the particularized need for such testimony outweighs "the possible effect [of disclosure] upon the functioning of future grand juries." *Douglas Oil, supra*, 441 U.S. at 222, 99 S.Ct. at 1674; *see also United States v. Sobotka*, 623 F.2d 764, 767–768 (2d Cir.1980).

■ The court concludes that the minimal need that the states have demonstrated for the testimony of Mr. Davey does not outweigh "the possible effect [of disclosure] upon the functioning of future grand juries," *Douglas Oil, supra*, 441 U.S. at 222, 99 S.Ct. at 1674, in, for example, discouraging witnesses from appearing voluntarily before a grand jury or from being entirely forthcoming in their testimony. A consideration of "the public interest, if any, served by disclosure to a governmental body," *Illinois v. Abbott & Associates, Inc., supra*, 460 U.S. at 567–568 n. 15, 103 S.Ct. at 1361–62 n. 15, does not require a different result where, as here, the states may be able to obtain the same or substantially similar information from readily available alternative sources. *See United States v. Moten*, 582 F.2d 654, 663 (2d Cir.1978) (holding that "a party's need [for grand jury materials] varies in proportion to the degree of access he has to other sources of the information he seeks"); *Cuisinarts, supra*, 516 F.Supp. at 1021 (holding that states' need for disclosure of grand jury materials was reduced because, *inter alia*, "the same or substantially similar materials are available by other means").

### Conclusion

For the foregoing reasons, the petitions of the States of Connecticut and Massachusetts to inspect and copy portions of the

grand jury testimony of John Davey are denied without prejudice to renewal at some future date upon a sufficient showing of particularized need.

It is so ordered.