Fox v. County of Yates, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
        DEBRA A. LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

PATRICIA A. FOX,
        Plaintiff-Appellant,

        -v.-                                        15-2669

COUNTY OF YATES, JOHN C. GLEASON, both
individually and in his official
capacity as UnderSheriff Yates County,
RONALD G. SPIKE, both individually and
in his official capacity as Sheriff of
Yates County, CLAY RUGAR, both
individually and in his official
capacity as Jail Administrator of the
Yates County Jail,
        Defendants-Appellees,

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                    JOHN J. LADUCA, (Anthony J. LaDuca, on the brief) LaDuca Law Firm, Rochester, New York.

**FOR APPELLEES:**                    GERARD E. O'CONNOR, Lippman O'Connor, Buffalo, New York.

Appeal from judgments of the United States District Court for the Western District of New York (Telesca, J. and Payson, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Patricia A. Fox appeals from judgments of the United States District Court for the Western District of New York (Telesca, J. and Payson, M.J.) granting defendants' motion for summary judgment on her malicious prosecution and sex discrimination claims and denying her access to secret grand jury minutes. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm on the grounds that: 1) her malicious prosecution claim fails because her indictment was supported by probable cause; 2) Fox has failed to make a strong particularized showing of need for the grand jury minutes; and 3) she failed to establish that it would have been futile to apply for promotions as part of her sex discrimination claim.

2

Fox is a correctional officer for the Yates County Jail (the "Jail"). A Jail policy required employees to get a supervisor's signature to approve any overtime, even if that overtime had already been completed. In 2007, Fox's superiors discovered that she had surreptitiously added time to her timecards *after* getting a supervisor's signature on at least four separate occasions. A Yates County grand jury indicted Fox for falsifying business records and petit larceny, and at trial she was acquitted of all charges.

Fox claims she did in fact work the overtime that she secretly added to her timecards, and her claim is borne out by an administrative finding which came after her acquittal. She now argues that her conduct may have violated the Jail policy, but that because she actually worked the hours, she did not violate New York criminal law. She claims that the defendants conflated the Jail policy and the relevant New York criminal law (Penal Law § 175.10) in their testimony to the grand jury, and that they did so in order to secure her indictment.

Fox brought a malicious prosecution action against defendants, and now appeals from the dismissal of her claim on summary judgment. Under New York law, probable cause defeats a malicious prosecution claim. A grand jury indictment creates a presumption of probable cause, and a

3

grand jury indicted Fox.  The presumption of probable cause thereby created, "may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'"  Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (quoting  Colon v. City of New York, 60 N.Y.2d 78, 83 (1983)) (emphasis in original).  While we review grants of summary judgment de novo and draw all factual inferences in favor of the nonmoving party, Fox bears the burden of proof in rebutting the presumption of probable cause. Id. at 71, 73.

Fox contends that defendants lied when they failed to draw a distinction between the Jail policy and New York criminal law in their testimony that employees were not entitled to overtime without supervisory approval.  It is not at all clear from the record that the defendants testified falsely--Fox herself describes the statements at one point as a "misleading oversimplification."  Appellant Br. at 20. Even if the witnesses did testify falsely, Fox must establish that they did so *intentionally* in order to establish the "fraud, perjury, [or] suppression of evidence" needed to overcome the presumption of probable cause. Savino, 331 F.3d at 72.

4

This she cannot do. Fox does not point to evidence that the defendants were aware of the legal distinction she draws, and her brief even states that at least one of the defendants "did not fully understand the elements of the crime(s) he was investigating." Appellant Br. at 33. Fox also argues that one source of the confusion was defendants' failure to consider the impact of the Fair Labor Standards Act. We take no position on whether Fox is correct about FLSA's effect, but a failure to consider the impact of federal labor law bespeaks mistake rather than bad faith.

And regardless of what was said about whether failure to actually work the hours was part of the crime charged, the District Attorney, the defendants, and the grand jurors would all have been fully justified in believing that Fox did not in fact work those hours. Fox concedes that she deliberately added overtime to her timecard after approval by a sergeant on four occasions. When she appeared before the grand jury, she implausibly testified that she was not aware that overtime required approval by a supervisor, even though she regularly got approval by supervisors for overtime. From that, one could reasonably infer that Fox did not in fact work the hours and had surreptitiously added time to her cards in order to take money she was not entitled to.

The District Attorney reviewed the evidence in the case along with information provided to her by Fox's counsel, and she concluded that Fox did not work the overtime and sought an indictment from the grand jury. Fox does not allege that the District Attorney conspired with the defendants. There is accordingly no genuine issue of material fact as to whether the defendants procured the indictment through fraud, perjury, or other police misconduct, and Fox's malicious prosecution claim was therefore properly dismissed on summary judgment.

Fox also appeals from an order by the magistrate judge denying her access to the District Attorney's charge to the grand jury, which she contends would help prove her malicious prosecution claim. Given the significant public interest in maintaining the secrecy of grand jury proceedings, Fox must make a showing of a particularized need in order to obtain the grand jury charge. See United States v. Sobotka, 623 F.2d 764, 767-68 (2d Cir. 1980); Douglas Oil Co. of California v. Petrol Stops Nw, 441 U.S. 211, 222 (1979).

Fox already has access to all the grand jury *testimony*; she now only seeks the District Attorney's charge. The magistrate judge found that Fox had "failed to make *any* showing" that the District Attorney's charge would support

6

her malicious prosecution claim. Fox v. County of Yates, 922 F. Supp. 2d 424, 433 (W.D.N.Y. 2013). The District Attorney is not a defendant; Fox has offered no facts to suggest that the District Attorney conspired with the defendants or acted in bad faith; and a state court already reviewed the grand jury charge in camera and found it legally sufficient.

"The discretion of a trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make." In re Petition of Craig, 131 F.3d 99, 104 (2d Cir. 1997). The magistrate judge's ruling was well within that discretion.

Finally, Fox appeals the grant of summary judgment against her on her sex discrimination claim. To succeed on a discriminatory failure to promote claim, a plaintiff must ordinarily actually apply for the promotion or position. Brown v. Coach Stores, Inc., 163 F.3d 706, 709-10 (2d Cir. 1998) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

Fox never applied for any position or promotion. She instead seeks to take advantage of an exception to the requirement that applies when seeking a promotion would have

7

been futile. "But the exception is narrow and does not pertain simply because an employee asserts that an 'aura of discrimination' in the workplace somehow discouraged her from filing a formal application.  Rather, to be excused from the specific application requirement, an employee must demonstrate that (1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." Petrosino v. Bell Atl., 385 F.3d 210, 227 (2d Cir. 2004).

Fox alleges that defendants failed to post vacancies for only three of the positions she claims were foreclosed to her: weapons trainer, defensive tactics trainer, and Court Security.  All of Fox's claims regarding other positions or promotions were therefore properly dismissed. With regard to the three remaining positions, Fox has put forward no evidence that she either was unaware of the vacancies before they were filled or attempted to apply for them through informal procedures.  Her claim regarding those three positions was therefore also properly dismissed on summary judgment.[1]

_____

[1]In addition, at least some of the positions Fox describes in her complaint confer no additional pay or benefits.  Even if Fox had applied for those positions, denial of promotion would not be material enough to

For the foregoing reasons, and finding no merit in Fox's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK

---

constitute an adverse employment action.  <u>Petrosino</u>, 385 F.3d at 228-29; <u>Traylor v. Brown</u>, 295 F.3d 783, 789 (7th Cir. 2002).