15-1119-cr
*United States v. Hatfield*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                                            15-1119-cr

DAWN SCHLEGEL, PATRICIA LENNEX, THE ESTATE OF DAVID H. BROOKS,

     *Defendants*,

SANDRA HATFIELD,

     *Defendant-Appellant.*

---

For Appellant:            ROLAND GUSTAF RIOPELLE, Sercarz & Riopelle, LLP, New York, NY.

For Appellee:            CHRISTOPHER C. CAFFARONE Assistant United States Attorney (David C. James, Amy

Busa, Christopher A. Ott, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Sandra Hatfield appeals from a judgment of conviction after a jury found her guilty of multiple securities fraud related offenses following an eight-month trial and sentencing her principally to 84 months' imprisonment. She and her co-defendant David Brooks were indicted together and were alleged to have participated in a common plan or scheme to defraud the shareholders of DHB Industries and its subsidiaries. Hatfield contends that the district court (1) erred in denying her multiple requests for a severance; (2) should have dismissed the second superseding indictment because it was rendered void by the null, first superseding indictment; and (3) erred in declining to compel production of grand jury minutes from the second grand jury. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.

Hatfield first contends that the district court abused its discretion by refusing to sever her trial from Brooks's trial because joinder compromised her right to a speedy trial.[1] She also asserts that the prejudicial spillover of evidence admissible against Brooks was "so overwhelming" that it resulted in a miscarriage of justice, and that she and Brooks were asserting antagonistic defenses. We review for abuse of discretion a district court's ruling on a motion to sever, *United States v. Feyrer*,

---

[1] The Government contends in its brief that Hatfield has waived her statutory and constitutional speedy trial claims by failing to make a motion to dismiss the indictment before trial. *See* Gov't Br. at 78. We consider the claims given the district court's examination of speedy trial issues in denying the motions to sever, as well as in its consideration of the first superseding Indictment.

2

333 F.3d 110, 114 (2d Cir. 2003), and we have said that the decision to deny a severance is "virtually unreviewable," *United States v. Serpoosh*, 919 F.2d 835, 837 (2d Cir. 1990) (internal quotation marks omitted).

"[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). "The Supreme Court has instructed that a district court should grant a Rule 14 severance motion only when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Feyrer*, 333 F.3d at 114 (quoting *Zafiro*, 506 U.S. 539 ). "[A] trial court's denial of a severance motion under Rule 14 will be reversed for abuse of discretion only when a defendant can show such severe prejudice that [her] conviction may be said to be a miscarriage of justice." *Id.* at 114. To satisfy this "extremely difficult burden[] of showing an abuse of discretion, an appellant must demonstrate that the denial of the motion caused substantial prejudice, that is, prejudice so great as to deny [her] a fair trial." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (per curiam) (internal quotation marks and citations omitted). "If the denial of the motion causes some prejudice, but less than substantial prejudice, we are not apt to reverse, since, by and large, joinder promotes judicial efficiency." *Id.* Even in those circumstances where the risk of prejudice is high, less drastic measures—such as limiting instructions—often suffice to cure any risk of prejudice. *Zafiro*, 506 U.S. at 539.

Hatfield has not met her onerous burden here. In an effort to demonstrate that she was prejudiced by the refusal to grant a severance, she asserts that the joint trial resulted in a violation of her Sixth Amendment right to a speedy trial, because the joinder of Brooks delayed her trial date. To determine whether a defendant's constitutional right to a speedy trials has been violated, we look to four factors: the "[l]ength of [the] delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Although Hatfield

3

experienced a substantial delay between indictment and trial (she was indicted on August 16, 2006 and tried on January 19, 2010), that delay alone does not amount to a speedy trial violation. *See Doggett v. United States*, 505 U.S. 647, 656 (1992) (recognizing that while a long delay between indictment and trial is presumptively prejudicial, such "presumptive prejudice" alone is insufficient to support a Sixth Amendment claim). Hatfield contends that the delay, and the length of the trial itself, caused her to suffer financially. But given that Hatfield herself sought several adjournments of the trial to review the voluminous discovery, and joined in much of the litigation that caused the delay, she cannot now assert that she was unduly prejudiced by the prolonged pretrial proceedings. Further, the reason for the delay—the joinder of Brooks and the complex nature of the charges—is at worst a neutral factor under the circumstances of this case. We recognize, moreover, that there are strong policy reasons favoring joinder of defendants alleged to have participated in a common scheme or plan. *See, e.g.*, *Salameh*, 152 F.3d 115 ("There is a preference in the federal system for joint trials of defendants who are indicted together . . . particularly . . . where, as here, the defendants are alleged to have participated in a common plan or scheme."). Accordingly, we reject Hatfield's argument that the denial of a severance led to the denial of her right to a speedy trial.

Hatfield also contends the motion to sever should have been granted because the defenses that she and Brooks asserted were "antagonistic." Appellant's Br. at 68. While recognizing that antagonistic defenses alone are insufficient to justify a severance, *see Zafiro*, 506 U.S. at 538 (holding that "[m]utually antagonistic defenses are not prejudicial *per se*"), Hatfield nonetheless claims that the presence of antagonistic defenses, together with the "other problems inherent in a joint trial," supported severance in this case. Appellant's Br. at 68. Even assuming that both Hatfield's and Brooks's defenses were antagonistic, she has failed to identify any "legally cognizable prejudice." *United States v. Harwood*, 998 F.2d 91, 96 (2d Cir. 1993) (concluding that the district court did not abuse its discretion in denying a severance even though each defendant accused the other of

4

possessing narcotics found in a van, because defendants had not demonstrated prejudice and district court properly instructed the jury that guilt is individual).  Moreover, the district court instructed the jury that guilt or innocence is individual and that the jury's verdict as to each defendant must be determined separately.  *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (proper limiting instructions often suffice to cure risk of prejudice).  Hatfield's argument for severance on these grounds fails.  *Cf. United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984) (Severance is required only when "the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant." (internal citations omitted)).

Hatfield also asserts that she suffered prejudice from the spillover of evidence offered against Brooks and that she was prejudiced by Brooks's "outrageous" conduct at trial.  Specifically, Hatfield argues that the sheer volume of proof against Brooks dwarfed the evidence against her, and that some of that evidence was particularly salacious or unfairly prejudicial.  Those arguments are insufficient to show that any "spillover" resulted in a "miscarriage of justice."  *Friedman*, 854 F.2d at 563.  If there was a risk of prejudicial spillover, moreover, it was further alleviated by the district court's instructions to the jury to consider the guilt or innocence of each defendant individually.  Finally, Hatfield claims that the jury was unable to consider the case against her fairly due to the volume of evidence offered against Brooks and his behavior at trial.  That claim is belied by the jury's discriminating verdict, which acquitted Hatfield on two counts of which it convicted Brooks.  As we have recognized, such verdicts indicate "that the jury heeded [the court's] instructions" to consider the evidence against each defendant separately.  *United States v. Villegas*, 899 F.2d 1324, 1347 (2d Cir. 1990).  There is thus little concern that the jury's verdict concerning Hatfield was influenced by evidence offered against Brooks.  *See Zafiro*, 506 U.S. at 539 ("less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice.").

5

**II.**

Asserting constitutional and statutory speedy trial claims, Hatfield's next contention is that the second superseding indictment should be dismissed because the first superseding indictment, having been returned by an expired grand jury, was void. We subject defects in the indictment to harmless error review, *United States v. Lee*, 833 F.3d 56, 68 (2d Cir. 2016), because, contrary to Hatfield's arguments, such defects are not jurisdictional, *United States v. Cotton*, 535 U.S. 625, 630–31 (2002). Because Hatfield has failed to demonstrate any prejudice resulting from the issuance of that defective indictment, however, we conclude that the district court properly declined to dismiss the second superseding indictment. *Cf. United States v. Wydermyer*, 51 F.3d 319, 324–25 (2d Cir. 1995) (requiring a "clear showing of substantial prejudice to accused" to justify the dismissal of an indictment post-trial); *see also United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("[P]etit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from . . . an error in the earlier grand jury proceedings."). For substantially the same reasons as articulated by the district court in its exhaustive decision, Hatfield's Sixth Amendment speedy trial claims and claims under the Speedy Trial Act, 18 U.S.C. § 3161, stemming from the defective first superseding Indictment, fail.

**III.**

Hatfield's final claim is that the district court erred when it declined to "release the grand jury minutes relating to the issuance of the [second superseding] indictment" and refused to hold a hearing on the validity of that Indictment. Appellant's Br. at 93. Grand jury proceedings are presumptively secret, and a defendant seeking the disclosure of grand jury materials bears a heavy burden. *See In re Petition of Craig*, 131 F.3d 99, 104 (2d Cir. 1997). While the interests in grand jury secrecy are less compelling when the grand jury's activities have terminated, a "showing of particularized need" is nonetheless required to justify disclosure of grand jury materials. *United States*

6

*v. Sobotka*, 623 F.2d 764, 768 (2d Cir. 1980). Indeed, a "review of grand jury minutes should not be permitted without concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). This Court reviews a district court's decision concerning disclosure of grand jury materials for abuse of discretion. *Id.*

Here, because Hatfield failed to articulate any concrete allegations of Government misconduct, the district court did not exceed the bounds of its discretion in denying Hatfield's request for the production of grand jury minutes or a hearing on the issue. Hatfield merely speculates that the Government may not have presented to the second grand jury evidence regarding her conduct. While she contends that the absence of any Jencks Act material suggests that no evidence was presented to the second grand jury, the absence of Jencks material does not, by itself, mean that no evidence was presented to the grand jury. Indeed, the Government may present evidence to a grand jury in the form of prior grand jury testimony, thus generating no additional Jencks Act material from he second grand jury proceeding. *See United States v. Ruggiero*, 934 F.2d 440, 447 (2d Cir. 1991) ("It is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury."). Hatfield's arguments in this regard do not demonstrate the requisite "particularized need" that would entitle her to the disclosure of grand jury material.

We have considered all of Hatfield's remaining arguments on appeal and determine that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7