In re Sgt. Cornel YOUNG,
Jr. Grand Jury.

No. 00–258–Appeal.

Supreme Court of Rhode Island.

June 26, 2000.

Kevin F. McHugh, Providence, for City of Providence.

Robert B. Mann, John A. MacFayden, III, Providence, Richard Egbert, Johnny Cochran, for the Estate of Cornel Young, Jr.

Aaron L. Weisman, Providence, Lauren Sandler Zurier, for Atty. General's Office.

## ORDER

The state in this case has appealed a Superior Court order granting the petition for limited disclosure of grand jury minutes filed by the City of Providence pursuant to Rule 6(e) of the Superior Court Rules of Criminal Procedure. The Attorney General has moved to stay this order pending the state's appeal therefrom. A single justice of this Court issued a temporary stay on June 16, 2000, pending the full Court's consideration of the motion at the Court's June 22, 2000 conference.

After careful review of the Superior Court decision and the memoranda filed by counsel for the parties in respect to the stay request, we are of the opinion that there has been no demonstrated need for secrecy in respect to the grand jury proceeding in this case at this time. The targets of the grand jury have waived any claims to secrecy that they might have had. The City of Providence, the officers who were the subject of the inquiry, the estate of Cornel Young, Jr., and Leisa Young, individually, likely litigants in a prospective judicial proceeding, and their counsel, have demonstrated a particularized need to examine the records of the grand jury proceeding.

Our dissenting colleagues suggest that a stay should be granted in order that we might receive the benefits of legal briefs and oral argument on this important issue. It should be noted that the Court has had the benefit of extensive memoranda from the state and from all of the interested parties in this case, including the city of Providence and the estate of Cornel Young. The state and all other parties to this prospective litigation submitted briefs to the Presiding Justice of the Superior Court prior to his issuance of a decision granting limited release of the grand jury minutes. The decision of the Presiding Justice reflected the extensive research given to this matter by him and by the parties. It must be remembered that the grand jury is an arm of the Superior Court. It is not under the control of the Attorney General. The Presiding Justice has analyzed this controversy with great care. His decision is attached to this order and made a part hereof. A majority of this Court considers his decision to be very persuasive. It does not abrogate Rule 6(e) of the Superior Court Rules of Criminal Procedure. It simply interprets that rule realistically in light of the circumstances and facts of this case.

Moreover, the Presiding Justice of the Superior Court, in a carefully crafted and comprehensive order, imposed stringent conditions on the release of the grand jury tapes. Specifically, the use of the materials so released is restricted to discovery and trial purposes related to the claim of the estate and may not otherwise be disseminated, published, or released under penalty of contempt. In addition, the Attorney General may petition the court for "an order of nondisclosure of the testimony, or any portion thereof, of any witness presented to the grand jury" on other grounds. For example, if any witness should seek protection from disclosure of his or her testimony before the grand jury, an application may be made to the Presiding Justice for a protective order.

For the reasons stated, the state's request for a stay is denied and the stay heretofore entered is hereby dissolved.

FLANDERS, Justice, with whom Justice BOURCIER joins, dissenting.

I respectfully dissent. I would grant the motion for a stay because, in my judgment, this appeal raises serious and substantial issues concerning the confidentiality of grand-jury proceedings and how Rule 6(e) of the Superior Court Rules of Criminal Procedure, which addresses this subject, should be interpreted in a situation like this one where no criminal indictment has been returned but a civil-damages action is looming. Denying the motion for a stay means that disclosure of the grand-jury transcripts and other materials, as ordered by the Superior Court, will be a *fait accompli* before we can reach the merits of the parties' arguments concerning why such disclosure is or is not appropriate in this case. Thus, denying the motion for a stay effectively moots this appeal. Because this Court has never had occasion previously to interpret the rule of grand-jury secrecy in this context—and what, if any, exceptions thereto should be permitted—I believe the Court should have granted the requested stay and prevented the immediate release of these records, thereby enabling us to rule on the merits

of this case in the context of a live controversy.

The purpose of grand-jury secrecy is to protect not just the targets of a grand-jury investigation, but also witnesses, grand jurors, and others who participate in or who provide evidence to the grand jury. *See, e.g., In re Special Grand Jury Investigation Concerning Organic Technologies,* 84 Ohio St.3d 304, 703 N.E.2d 790, 793 (1999) (noting that "[t]he secrecy of grant jury proceedings continues even after the grand jury investigation is concluded in order to protect witnesses from retaliation"). *See also In the Matter of District Attorney of Suffolk County,* 58 N.Y.2d 436, 461 N.Y.S.2d 773, 448 N.E.2d 440, 443 (1983) (noting that "the rule of secrecy applies equally to either one who gives evidence or to one concerning whom evidence is given"). Thus, the mere fact that the targets of the grand-jury investigation have waived any claim to secrecy that they might have fails to take into account the witnesses and other individuals, let alone the grand jurors themselves, who rely on grand-jury secrecy when they participate in this process, when they are subpoenaed to provide evidence to the grand jury, or when they are named in the testimony or documents that the grand jury considers.

Moreover, I do not believe that the mere filing of a civil claim for damages with a city or town should serve as the legal equivalent of an "open sesame" to confidential grand-jury records. *See id.* at 444 (rejecting Attorney General's request to use Grand Jury proceedings in a civil proceeding by the county because of a failure to show "a compelling and particularized need"). Because these materials are privileged, they are not subject to discovery in a civil case. *See* Rule 26(b)(1) of the Superior Court Rules of Civil Procedure ("Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matters involved in the pending action"). (Emphasis added). By denying this motion to stay, the Court has blown off the doors to grand-jury secrecy

without so much as a passing nod to a long and venerable tradition of respecting the confidentiality of the grand-jury process, much less to any showing of particularized need on the part of the municipality seeking this disclosure. Given the intense media coverage and interest in this proceeding and the number of persons who will now have access to the grand-jury materials released by the Superior Court's order, any notion that these materials will not be further disseminated, published, or released in connection with a yet-to-be-filed civil case facing years of pretrial discovery and motion practice represents wishful thinking at best. Hence, I would grant the stay and thereby preserve the status quo while giving the parties a chance to submit legal briefs on this important issue, so that we can consider and decide this question on some reasoned basis, instead of effectively killing this appeal without benefit of any legal briefing, any oral argument, or any other assistance to speak of save our own off-the-cuff reaction to this motion.

*EXHIBIT A*

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS

PROVIDENCE, SC

SUPERIOR COURT

IN RE SGT. CORNEL YOUNG, JR.
GRAND JURY

### *DECISION*

<u>RODGERS, PJ.</u>  Before the Court is the City of Providence's (City) Petition for Limited Disclosure of Grand Jury Minutes. Pursuant to Rule 6(e) of the Superior Court Rules of Criminal Procedure, the City seeks an order directing the State of Rhode Island to disclose the minutes of the Grand Jury investigation of the shooting death of Providence Police Sergeant Cornel Young, Jr. to counsel for the City. The Estate of Cornel Young, Jr. by his Administratrix, Leisa Young, and Leisa Young, individually (Estate), moves

to intervene in this matter.[1] The Estate, supporting disclosure of the Grand Jury minutes, contends that as a party to this controversy, it should have equal access to the minutes. The State, by the Department of the Attorney General, objects to the City's and the Estate's motions.

## Facts/Travel

On January 28, 2000, while responding to a call for a disturbance, City police officers Carlos Saraiva and Michael Solitro, III (officers) fatally shot an off-duty fellow officer, Police Sergeant Cornel Young, Jr. On April 18, a Providence County Grand Jury returned a no true bill with respect to potential criminal charges against the two officers. The information released publicly by the Department of the Attorney General upon the conclusion of the investigation indicated that the Grand Jury had heard the sworn testimony of some fifty-five witnesses and had reviewed numerous other materials before rendering its decision.

As a result of Sergeant Young's death, on or about April 27, 2000, the Estate filed a notice of claim with the City Council seeking $20,000,000 in damages as well as equitable relief. Pursuant to G.L.1956 (1999 Reenactment) § 45–15–5, the City Council has forty days after presentment of the notice of claim in which to satisfy the claim, after which the Estate may commence a civil action.

Upon the State's application pursuant to Superior Court Rule of Criminal Procedure 6(e)(3)(C)(iv), on April 20, 2000, this Court ordered the release of the Grand Jury tapes to the United States Department of Justice for purposes of a civil rights investigation into the matter.[2] Apparently, that investigation is in progress.

On May 24, 2000, the City petitioned this Court for the release of the Grand Jury minutes. On June 5, the Estate moved to intervene and joined the City's request for disclosure. The City and the Estate have no objection to the Court's imposition of restrictions on the dissemination of the materials received from the Grand Jury. Each of the officers has submitted an affidavit supporting release of the Grand Jury minutes. Each officer, having consulted with his attorney and having reviewed the City's petition, waives any rights with respect to secrecy of the grand jury proceedings and agrees to have the minutes disclosed to counsel for the City and his own counsel. Each officer agrees to abide by any other restrictions on further dissemination of the minutes as the Court may impose. According to counsel for the Estate, the family of Sergeant Young supports disclosure of the Grand Jury minutes. The State objects to disclosure.

This Court notes that over the course of these events, from the shooting to the present, there has been extensive coverage on the media and tremendous concern in the public domain about the circumstances of Sergeant's Young's death, including public unrest and outcry that race was a factor in the fatal shooting.

## Superior Court Rule of Criminal Procedure 6(e)

When the Court receives a request from a party seeking disclosure of grand jury minutes, it is confronted with a conflict between the traditional policies of grand jury secrecy and the need for disclosure. The grand jury serves the " 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.' " *In re Doe,* 717

---

1. Leisa Young is the mother of decedent Sergeant Cornel Young, Jr.

2. Subsection (3)(C)(iv) of Rule 6(e) allows disclosure of matters occurring before the grand jury "when permitted by a court at the request of an attorney for the State, upon a showing that such matters may disclose a violation of federal criminal law, to an appropriate official of the federal government for the purpose of enforcing such law." Super.R.Crim.P. 6(e)(3)(C)(iv).

A.2d 1129, 1134 (R.I.1998) (quoting *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 423, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743, 751–52 (1983)). "[C]oncern for the grand jury's dual function underlies the 'long-established policy that maintains the secrecy of the grand jury proceedings.'" *Id.* at 1134 (quoting *Sells*, 463 U.S. at 424, 103 S.Ct. at 3138, 77 L.Ed.2d at 752).

The long-standing tradition of secrecy surrounding grand jury proceedings has been codified in Rule 6(e) of the Superior Court Rules of Criminal Procedure. In pertinent part, Rule 6(e) allows disclosure of "... matters occurring before the grand jury when so directed by a court preliminarily to or in connection with a judicial proceeding...." The United States Supreme Court, addressing the Federal Rule provision that disclosure may be made "preliminarily to or in connection with a judicial proceeding," states "the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot*, 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983). The Court did not foreclose a private party who anticipates a suit against him or her from obtaining disclosure of grand jury materials "anytime the initiative for litigating lies elsewhere." *Id.* at 482–83, 103 S.Ct. at 3168. Nor did the Court require "that such a party must always await the actual commencement of litigation before obtaining disclosure." *Id.* Contrary to the State's contentions, in this Court's opinion, the phrase "preliminarily to or in connection with a judicial proceeding" clearly contemplates the instant situation involving the aforementioned notice of claim, a prerequisite to a civil action under G.L.1956 (1999 Reenactment) § 45–15–5.

In construing Rule 6(e), courts begin with the "fundamental policy of grand jury secrecy." *In re Doe*, 717 A.2d at 1134. The secrecy of grand jury minutes, however, is not sacrosanct. *State v. Carillo*, 112 R.I. 6, 11, 307 A.2d 773, 776 (1973). Accordingly, whenever a reviewing court is asked to determine whether a specific disclosure impermissibly pierces this veil of secrecy, that court must examine not only the need for and the character of the material sought but also the effect such disclosure would have on policies underlying grand jury secrecy. *In Re Doe*, 717 A.2d at 1134. These policy considerations include (1) preventing the escape of those whose indictment may be contemplated, (2) ensuring the grand jurors the utmost freedom in their deliberations and preventing a defendant or target of an investigation from importuning them, (3) preventing the subornation of perjury and other witness tampering, (4) encouraging the free and untrammeled disclosure of relevant information, and (5) protecting the innocent defendant or target exonerated by the investigation from public disclosure of the fact that he or she was under investigation. *Id.* at 1134. Nevertheless, various courts have cautioned that the secrecy extended to grand jury proceedings is not absolute. *Id.* "There is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Id.* (quoting *Senate of the Commonwealth of Puerto Rico v. United States Department of Justice*, 823 F.2d 574, 582 (D.C.Cir. 1987)). *See also Butterworth v. Smith*, 494 U.S. 624, 630, 110 S.Ct. 1376, 1380, 108 L.Ed.2d 572, 580 (1990); *Carillo*, 112 R.I. at 11, 307 A.2d at 776 (1973).

It is undisputed that the aforementioned policy considerations are essentially dissolved in this matter. The first three obviously are eliminated upon the grand jury's concluding with a no true bill. An indictment is not longer contemplated. The Grand Jury has been disbanded and therefore, it is no longer at risk of influence. There is no indication that encouragement of the free and untrammeled disclosure of relevant information did not occur in the subject proceedings. The waivers by the officers dissolve any concern regarding protection of targets exonerated by the investigation from public disclosure of the fact that they were under investigation.

Remaining policy considerations asserted by the State are witnesses expectations of secrecy and the possible effect of liberal disclosure on the functioning of future grand juries, the so-called "institutional secrecy" concern. Although disclosure to government attorneys might pose "less risk of further leakage or improper use than would disclosure to private parties or the general public," *Sells,* 463 U.S. at 445, 103 S.Ct. at 3149, nevertheless, the State already imposed on the witnesses' expectation of secrecy when it obtained this Court's order to disclose the testimony to the United States Department of Justice. Additionally, the Court is not persuaded that institutional secrecy concern tips the balance away from disclosure under the instant circumstances.

Nevertheless, because the granting of the City's instant disclosure request would pierce the veil of secrecy shielding the matters which occurred before the grand jury, the motion must be denied unless an exception can be shown. The standard for determining when the traditional secrecy of the grand jury may be broken, warranting the disclosure pursuant to Rule 6(e), is that the parties must make a particularized showing that " . . . the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Company of California v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). "[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure." *Id.* at 223, 99 S.Ct. at 1675. "It is equally clear that as the conditions justifying secrecy becomes less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Id.*

The City advances several arguments in support of their position that sufficient "particularized need" has been shown and disclosure is justified. First, they argue, pursuant to subsection 3(C)(i) of Rule 6(e), that, particularly with the public mistrust and community strife resulting from Sergeant Young's death, it needs the minutes in order to assess the Estate's claim which arises out of the precise circumstances investigated impartially by the State under grand jury strictures. The City also argues that the requested materials are not otherwise discoverable. Further, counsel for the City suggests, and he may be right, that after a fair, thorough and comprehensive review of the "evidence" available to the Grand Jury by the Estate of Sergeant Cornel Young, Jr. and the City of Providence, that it is conceivable that the claim against the City could be settled on terms agreeable to and satisfactory to all the parties, thus saving the taxpayers of the City of Providence and the family of Cornel Young, Jr. the expense and anxiety of litigating this most unfortunate and tragic event. Additionally, the City contends that in Rhode Island, grand jury proceedings are often disclosed pursuant to the discovery of evidence permitted under Rule 16 of the Superior Court Rules of Criminal Procedure thereby diminishing the potential that disclosure in this matter would have a chilling effect on any future grand jury proceeding. Finally, the City argues that the State's concern for institutional secrecy is heavily outweighed by the benefits of disclosure in the circumstances of this case.

Despite the State's contention that the petitioners have not shown 'particularized need,' the Court believes that the City, in evaluating the Estate's claim, is seeking the truth and evaluating redress for wrongs, if wrongs have occurred. In Rhode Island, the petitioner's burden of demonstrating a particularized need is not a heavy one. *Carillo,* 112 R.I. at 11–12, 307 A.2d at 776–77. Additionally, "[c]ost savings can be a valid consideration." *In Re Grand Jury Investigation,* 55 F.3d 350,

354 (8th Cir.), cert. denied, 516 U.S. 917, 116 S.Ct. 307, 133 L.Ed.2d 211 (1995). Based on the foregoing, this Court finds that the Grand Jury minutes are necessary for the City's evaluation of the Estate's claim. To maintain the veil of secrecy under the circumstances of this case, in this Court's opinion, would be unjust and detrimental to the taxpayers of the City of Providence and to the Estate of Sergeant Cornel Young, Jr. Further, it is this Court's opinion that the public interest would also be best served if the parties to this case had access to whatever evidence might be available for a fair and true determination of how and why this tragic death occurred. In summary, this Court finds that the need for disclosure substantially outweighs the concerns expressed by the Attorney General that the disclosure would affect witness expectations of secrecy in future grand jury proceedings.

For the foregoing reasons the petition of the City and the motion of the Estate are hereby granted and the Grand Jury Reporter shall release to the attorneys for the City, Richard Egbert and Kevin McHugh, and counsel for the Estate, Robert Mann, a copy of the tape recording of all portions of the Providence County Grand Jury Proceedings regarding the shooting death of Cornel Young, Jr. Because both officers have consented to the release of the grand jury minutes conditioned upon their counsel receiving the same information disclosed to counsel for the City and the Estate, Joseph Penza, Esquire, as counsel for both officers, shall also receive a copy of the proceedings before the grand jury. The Attorney General may, however, petition this Court for an order of nondisclosure of the testimony, or any portion thereof, of any witness presented to the Grand Jury on grounds other than those stated in his argument.

The City of Providence, the officers and the Estate of Cornel Young, Jr. and their respective counsel are hereby ordered to restrict the use of the materials so released to discovery and trial purposes re-

lated to the claim of the Estate of Sergeant Cornel Young, Jr. versus the City of Providence and are further ordered not to otherwise disseminate, publish or release said materials. Any violation of said order may subject the violator to penalty for contempt.

ENTERED as an order of Court the 16th day of June, 2000.

ENTERED:

BY ORDER:

Rodgers, PJ
PRESIDING JUSTICE

[Signature], Deputy
CLERK