DECISION
Karen Petro ("Petitioner"), the Administratrix of the Estate of Mark Jackson, brings a petition for the limited disclosure of grand jury minutes pursuant to Super. R. Crim. P. 6(e). The Town of West Warwick ("Town") and Police Officers Kelly, Lukowicz, Palazzo, Thomas Nye, and Michael Nye (Officers) object to Petitioner's request. The State, through the Department of the Attorney General, asks this Court to order the grand jury testimony from the grand jury reporter and to issue a protective order should the Court allow such disclosure.
 Facts and Travel
On June 27, 2008, Mark Jackson ("Jackson") died while in the custody of West Warwick police. On or about April 9, 2009, a Providence County Grand Jury returned a no true bill with respect to criminal charges against the responding Officers and the grand jury was discharged.
Petitioner subsequently filed a complaint against the Town and Officers (collectively "Defendants") in the United States District Court for the District of Rhode Island. The complaint alleges violation of Jackson's civil rights under 42 U.S.C. § 1983, and pendent state law claims for wrongful death. Petitioner now seeks this Court to release limited testimony of the grand jury proceedings in order to "assist the parties in *Page 2 
the federal court action in truth seeking and in further evaluating the case for settlement purposes which could result in cost savings." (Petr.'s Mem. In Support of Grand Jury Testimony at 1.) Defendants have objected to the petition. They claim that this Court will not remedy any injustice by granting the request and, further, that the need for disclosure does not outweigh the need to preserve the secrecy of the grand jury proceedings.
 Law
Rhode Island Superior Court Rules of Criminal Procedure 6(e)(2) provides for a general rule of secrecy involving grand jury proceedings. Super. R. Crim. P. 6(e)(2). The Rule is derived from the consistent recognition that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218
(1979). This "fundamental policy of grand jury secrecy," however, is not absolute. In re Young, 755 A.2d 842, 846 (R.I. 2000) (quoting In re Doe, 717 A.2d 1129, 1134 (R.I. 1998));see also State v. Carillo, 112 R.I. 6, 11,307 A.2d 773, 776 (1973) (recognizing defendant may inspect grand jury testimony if particularized need outweighs policy of secrecy). Indeed, Rule 6(e)(3)(i) allows for the disclosure of grand jury proceedings "when so directed by a court preliminarily to or in connection with a judicial proceeding."
A judge's task in determining whether to lift the traditional veil of grand jury secrecy has been examined by the courts on numerous occasions. See e.g., Douglas Oil Co. of Cal.,441 U.S. at 223; United States v. Proctor Gamble Co.,356 U.S. 677, 681 (1958); United States v. Sobotka,623 F.2d 764, 767 (2d Cir. 1980); In re Young, 755 A.2d 842,846 (R.I. 2000). A judge must examine "the need for and the character of the *Page 3 
material sought [along with] the effect such disclosure would have on policies underlying grand jury secrecy." In re Young,755 A.2d at 846. When a grand jury's function has ended, however, many of the traditional needs for grand jury secrecy are dissolved, and disclosure is proper where justice requires it. SeeIn re Young, 755 A.2d at 846 (recognizing no true bill dissolved risk of influencing grand jury); United States v.Socony-Vacuum Oil Co., 310 US 150, 234 (1940) (articulating exception to ordinary rule of grand jury confidentiality).
Although the veil of grand jury secrecy may be lifted, courts must do so gingerly. Sobotka, 623 F.2d at 767. The party seeking disclosure bears the burden of demonstrating a particularized need for disclosure, and that need must outweigh the public interest in secrecy. In re Young, 755 A.2d at 847 (citing Douglas OilCo. of Cal., 441 U.S. at 223). The particularized need test is met if the party seeking grand jury disclosure proves that "the material [] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Id. (quoting Douglas OilCo. of Cal., 441 U.S. at 222). As previously mentioned, however, the burden on the party seeking disclosure lessens as conditions justifying secrecy diminish. Id. (citing Douglas Oil Co. ofCal., 441 U.S. at 223).
In In re Young, the Superior Court, and then subsequently our Supreme Court, addressed a situation similar to the present one. On January 28, 2000, two Providence police officers responded to a disturbance and fatally shot an off-duty fellow officer, Police Sergeant Cornel Young, Jr. In re Young, 755 A.2d at 845. The incident drew intense media coverage and elicited strong concerns in the public that race may have *Page 4 
played a factor in the shooting. Id. The State brought criminal charges against the two police officers; however, the grand jury returned a no true bill with respect to the charges.Id.
Subsequently, the Estate of Sergeant Young ("Estate") filed a notice of claim with the City of Providence ("City"), seeking monetary damages as well as equitable relief. Further, the Superior Court, upon application by the State pursuant to Rule 6(e)(3)(C)(iv), ordered release of the grand jury tapes to the United States Department of Justice for purposes of a civil rights investigation.[1] In response to the Estate's claim, the City petitioned the Superior Court for release of the grand jury minutes. The Estate thereafter moved to intervene and joined the City's request for disclosure. The officers whom the grand jury decided not to indict also supported release of the grand jury minutes, and each, after consultation with his attorney, waived any rights with respect to the secrecy of the grand jury proceedings. The State, however, through the Department of the Attorney General, objected to the disclosure.
The Superior Court began its analysis by highlighting the five factors traditionally looked at in support of grand jury secrecy. These factors include (1) preventing the escape of those whose indictment may be contemplated, (2) ensuring the grand jurors the utmost freedom in their deliberations and preventing a defendant or target of an investigation from importuning them, (3) preventing the subornation of perjury and other witness tampering, (4) encouraging the free and untrammeled disclosure of relevant information, and (5) protecting the innocent defendant or target exonerated by the investigation from public disclosure of the fact that he or she was *Page 5 
under investigation. Id. at 846 (citing In re Doe,717 A.2d at 1134). The court then observed that the first three factors were eliminated because the grand jury had been disbanded. Additionally, the court recognized that it had already diminished the secrecy expectations of those participating in the grand jury when it released the testimony to the United States Department of Justice. Further, it noted that the police officers' waivers dissolved any concern in protecting the exonerated grand jury targets from public disclosure. Id.
Accordingly, having determined that none of the traditional factors weighed against disclosure, the court proceeded to analyze whether the petitioner put forth a particularized need to overcome injustice greater than the concern of protecting the "institutional secrecy" of grand jury proceedings. The City asserted several arguments to support its position that it had demonstrated a "particularized need." Id. at 847. The City argued it had a particularized need for the disclosure because of the public unrest generated from the case, the fact that the materials requested were not otherwise discoverable, the recognition that disclosure could lead to an efficient settlement, and that Rule 16 of the Superior Court Rules of Criminal Procedure contemplates liberal access to evidence for defendants.
Ultimately, the Superior Court allowed for limited disclosure of the grand jury testimony, and gave several reasons to support its conclusion. Preliminarily, the court noted that the burden to demonstrate a particularized need "is not a heavy one." In reYoung, 755 A.2d at 847 (citing Carillo, 112 R.I. at 11-12,307 A.2d at 776-77). The court then found that the grand jury minutes were necessary for the defendant City to evaluate the Estate's claim. It believed releasing the grand jury minutes would benefit *Page 6 
the taxpayers of the City of Providence and help quell the ongoing public unrest that both parties wanted to address. Consequently, the Superior Court granted the City's petition and the motion of the Estate and ordered the Grand Jury Reporter to release a tape recording of the proceedings to the City, the Estate, and the officers.
The Rhode Island Supreme Court, on appeal, denied the Attorney General's motion to stay — affirming and attaching the Superior Court decision to its Order as Exhibit A.[2] The first evidence the Supreme Court cited in believing a need for secrecy did not exist was that the targets of the grand jury proceeding had waived any claims to secrecy. Then, the Court noted that every party to the prospective judicial proceeding demonstrated a particularized need to examine the grand jury records and affirmatively requested the material be released. Finally — seemingly addressing the dissent's concern that the majority's decision would be an "open sesame" for access to grand jury records in future similar situations — the majority noted that the Superior Court decision interpreted Rule 6(e) "realistically in light of the circumstances and facts of this case." Id. at 843-44.
 Analysis
In the instant dispute, Petitioner seeks the grand jury testimony of the five Officers as well as from anyone in the Office of the Medical Examiner involved with Jackson's autopsy. Petitioner believes she is entitled to this disclosure. Specifically, she contends there is virtually no interest in secrecy at present and she has demonstrated a particularized need because the disclosure would further truth-seeking in the federal civil suit and likely encourage settlement, thereby reducing costs. *Page 7 
Defendants in the pending federal civil suit, the Town and Officers, object to this disclosure. They believe the Petitioner's generalized assertions are conclusory and fail to articulate any particularized need, let alone a particularized need greater than the institutional interest in keeping grand jury matters secret.
This Court agrees with Defendants that the Petitioner has not yet demonstrated a particularized need for disclosure of the grand jury material. As Petitioner correctly states, the need to keep the grand jury affairs secret is relatively low because the grand jury issued a no true bill. See In re Young, 755 A.2d at 846. Thus, the burden on Petitioner to make a particularized showing for the testimony is "not a heavy one." Id. While this particularized level might not be heavy, Petitioner, neither in her brief nor in oral argument, has failed to articulate any need for disclosure particular to this case. Accordingly, Petitioner has failed to satisfy her burden of demonstrating a particular need for the disclosure requested. See United States v. SellsEngineering, Inc., 463 U.S. 418, 431 (1983); Sobotka,623 F.2d at 768 n. 5; see also In re Grand JuryProceedings GJ-76-4 GJ-75-3, 800 F.2d 1293,1302 (4th Cir. 1986) (noting right to disclosure may not rest simply on weakness of the public interest considerations in favor of secrecy).
Moreover, although the need for secrecy is low, it has not evaporated. Here, unlike in In re Young, the exonerated targets of the grand jury proceeding have not sanctioned the release of their testimony. Id. at 843 (emphasizing interests of secrecy diminished because officers compliant with release). Further, the minutes of the grand jury testimony have not already been released, and thus witnesses have not already had their expectations of secrecy diminished. Id. at 847. Finally, disclosure of grand jury minutes to a private party — as opposed to the government — may implicate greater *Page 8 
concerns of improper use. In re Grand Jury ProceedingsGJ-76-4 GJ-75-3, 800 F.2d at 1301-02 (citing SellsEngineering, 463 U.S. at 444-45 (1983). While these concerns are certainly not insurmountable, Petitioner has not yet demonstrated any particular need for the grand jury testimony sufficient to do so.
Petitioner contends the disclosure is necessary to avoid possible injustice. The injustice cited by Petitioner appears to be easier access to relevant material and the belief that the more evidence it obtains, the more likely a settlement will be reached. While these goals are acceptable, they are not particular to the present set of facts. Indeed, if this Court were to grant the Petition at this time, it would be the "open sesame" that our Supreme Court cautioned against and guarded against by limiting its holding to the particular facts and circumstances of the In re Young
decision.
Unlike in In re Young, Petitioner has not yet asserted any need particular to the present situation. In In re Young, all parties to the pending litigation agreed that the disclosure would help quell public unrest. Additionally, the defendant City — which had an obligation to its taxpayers and thus the public to keep costs down — agreed that disclosure would help do so. Finally, the City contended that disclosure of the grand jury minutes would give it access to evidence that was not otherwise obtainable.
In the present situation, Petitioner has not asserted any need particular to this case, nor has it suggested that disclosure would allow it to uncover information otherwise not obtainable through discovery. Rather, the facts are currently almost identical to those in United States v. Proctor Gamble Co., 356 U.S. 677 (1958). In Procter Gamble, a civil suit followed a grand jury's declining to issue an indictment. The government then used the grand jury testimony to prepare for the civil suit, and the defendants desired the *Page 9 
same access. The Court, however, did not grant the defendants access to the testimony.
The Court noted that while instances exist to allow for access to grand jury testimony, they must be shown with particularity. It explained:
 [t]he relevancy and usefulness of the testimony sought were, of course, sufficiently established. If the grand jury transcript were made available, discovery through depositions, which might involve delay and substantial costs, would be avoided. Yet these showings fall short of proof that without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done . . . We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the wholesale discovery and production of a grand jury transcript. Id. at 682-83.
For similar reasons, Petitioner here cannot merely ask for the "wholesale testimony" of the Officers and the Medical Examiners without adequately expressing a particular need for the testimony. Costs and relevancy cannot by itself be the basis for a claim of particular need. Sells Engineering, Inc., 418 U.S. at 431
(explaining that merely proving information helpful does not prove information needed); Sobotka, 623 F.2d at 768 n. 5. While cases subsequent to Proctor Gamble may have lessened the burden of showing particularization, they have not abdicated the requirement.See Douglas Oil Co. of Cal., 441 U.S. at 223-24 (noting district court judge considered the particularized need for directly pertinent material); In re Young, 755 A.2d at 847-48
(crediting specifically several of petitioner's arguments for particularized need).
That is not to say, however, that Petitioner is precluded in any circumstance from seeking disclosure of grand jury testimony should a particular need arise. The *Page 10 
memoranda submitted to this Court suggest that discovery is progressing. Petitioner has neither asserted any difficulties in this process, nor referred to any potential inconsistencies where testimony would be needed to challenge a witness. Should such a situation arise, this Court will revisit the issue.[3]
 Conclusion
This Court finds that Petitioner has not met her burden of proving a particular need for disclosure of grand jury testimony pursuant to Super. R. Crim. P. 6(e). Accordingly, her Petition is denied without prejudice.
[1] Rule 6(e)(3)(iv) permits for disclosure of grand jury proceedings "when permitted by a court at the request of an attorney for the State, upon a showing that such matters may disclose a violation of federal criminal law, to an appropriate official of the federal government for the purpose of enforcing such law."
[2] The Superior Court decision is available at In reYoung, 2000 WL 815832 (June 16, 2000).
[3] Indeed, if such a situation were to arise, this Court possibly would not be the proper court to determine if the particularized need suggested outweighs the need for continued secrecy.Douglas Oil Co. of Cal., 441 U.S. at 228-31. The United States Supreme Court has suggested that the court where the civil action is pending is the appropriate court to analyze the strength of the particularized need because of that court's intimate knowledge of the civil suit. Id. at 230-31; see alsoSobotka, 623 F.2d at 769 n. 6. The Court recognized, however, that "undoubtedly there will be cases in which the court to whom the Rule 6(e) request is directed will be able intelligently, on the basis of limited knowledge, to decide that disclosure plainly is inappropriate." Id. at 231. Without any mention to a particular need — and considering the interest in secrecy is presently greater than that in In re Young — this Court can say without doubt that the disclosure currently requested is plainly inappropriate.