DECISION
The State of Rhode Island by and through its Attorney General and Special Assistant Attorney General ("State" or "Petitioner") brings a petition for the limited disclosure of grand jury minutes pursuant to Super. R. Crim. P. 6(e). Luis Mendonca ("Mendonca" or "Petitioner") moves to intervene in this petition. Robert DeCarlo ("DeCarlo"), the subject of the grand jury investigation, objects to this request for disclosure.
 I Facts and Travel
On February 24, 2010, DeCarlo was arraigned in Providence Superior Court on an indictment alleging one count of felony assault and one count of simple assault upon Mendonca. These counts allege that DeCarlo, on duty as a member of the Providence Police Department, assaulted Mendonca while conducting an arrest on October 20, 2009. The State charges that DeCarlo arrested Mendonca directly following Mendonca's assault of two Rhode Island School of Design Public Safety Officers. For this incident, Mendonca was convicted of assault charges and found to be a violator of probation on December 3, 2009. He subsequently filed an appeal of the assault convictions, which is now before the Superior Court. Following Mendonca's District Court trial, the State indicted DeCarlo. *Page 2 
The State now seeks disclosure of the DeCarlo Grand Jury transcripts for any witness whose testimony discussed allegations against Mendonca. It argues that witnesses who testified in the DeCarlo Grand Jury are also witnesses to the Mendonca case and testified to the Mendonca case during their grand jury testimony. It further avers that these statements could be incriminating or exculpatory as to Mendonca and if these statements are potentially relevant, they should be available to both sides in preparation of trial. Mendonca contends that the DeCarlo Grand Jury minutes, as prior statements of witnesses, are necessary for him to prepare for trial and therefore required to be disclosed under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Mendonca further argues that Super. R. Crim. P. 16, as a liberal discovery rule, requires that the Court disclose these minutes.
In response, DeCarlo maintains that the limited or full disclosure of these requests would unnecessarily undermine the fair administration of the proceedings in his case. DeCarlo specifically argues that because of the trial schedule, Mendonca's trial would follow DeCarlo's trial. As a result, according to DeCarlo, Mendonca, a witness in DeCarlo's trial, should not be allowed prior access to the grand jury testimony of other witnesses. DeCarlo concludes that Mendonca cannot show, prior to DeCarlo's trial, that he has the requisite particularized need for the transcripts; therefore, he contends, the petition should be denied without prejudice.
 II Analysis
Rhode Island Superior Court Rule of Criminal Procedure 6(e) codifies the secrecy surrounding grand jury proceedings. In reYoung, 755 A.2d 842, 846 (R.I. 2000); see also Douglas Oil Co.of Cal. v. Petrol Stops Nw., 441 U.S. 211, 218 (1979) (stating that "the proper functioning of our grand jury systems depends upon the secrecy of grand jury proceedings" (citing United States v.Proctor Gamble Co., 356 U.S. 677 (1958))). That rule, however, also *Page 3 
provides that grand jury testimony may be disclosed "when so directed by a court preliminarily to or in connection with a judicial proceeding." Super. R. Crim. P. 6(e)(3)(C)(i). Thus, "[t]he secrecy of grand jury minutes . . . is not sacrosanct." In reYoung, 755 A.2d at 846 (citing State v. Carillo,112 R.I. 6, 11, 307 A.2d 773, 776 (1973)). The Rhode Island Supreme Court, attaching a Superior Court decision to its order, directed courts reviewing the disclosure of grand jury testimony to balance the necessity and character of the material sought with the effect of its disclosure on the policy of grand jury secrecy. Id.
(citing In re Doe, 717 A.2d 1129, 1134 (R.I. 1998)).
Under this review, the party seeking disclosure bears the burden of showing that this balance weighs in favor of disclosing the material. Id. at 847. The petitioner is required to show a particularized need, which is met if the party seeking the disclosure proves that "the material [] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."Id. at 847 (quoting Douglas Oil Co. of Cal.,441 U.S. at 222). Reviewing this balance, the Court must consider the policy protecting the institution of secrecy, including the following:
 "(1) preventing the escape of those whose indictment may be contemplated, (2) ensuring the grand jurors the utmost freedom in their deliberations and preventing a defendant or target of an investigation from importuning them, (3) preventing the subornation of perjury and other witness tampering, (4) encouraging the free and untrammeled disclosure of relevant information, and (5) protecting the innocent defendant or target exonerated by the investigation of the fact that he or she was under investigation." Id. at 846 (citing In re Doe, 717 A.2d at 1134.) *Page 4 
This secrecy of the grand jury is "as important for the protection of the innocent as for the pursuit of the guilty." United Statesv. Sells Engineering, Inc., 463 U.S. 418, 424-25 (1983) (quotingUnited States v. Johnson, 319 U.S. 503, 513 (1943)). Moreover, the interests in secrecy, albeit reduced, are not disregarded as a result of the dissolution of a grand jury. Douglas Oil Co. ofCal., 441 U.S. at 222.
In the present case, although the grand jury has indicted DeCarlo, the need for secrecy is not entirely lost. Unlike the subject of the grand jury investigation in In re Young, DeCarlo has not sanctioned the release of these minutes. See In re Young,755 A.2d at 846 (finding that "waivers by the officers dissolve any concern regarding protection of targets exonerated by the investigation from public disclosure of the fact that they were under investigation"). Additionally, these grand jury minutes have not previously been disclosed to other parties. Contra id.
at 847 (noting that the grand jury transcript at issue was previously disclosed to the United States Department of Justice). Nevertheless, a number of secrecy concerns, such as ensuring the freedom grand jurors' deliberations, are no longer relevant because the grand jury testimony has been completed. DeCarlo's trial, however, has yet to take place; therefore, serious secrecy considerations still exist, such as "preventing the subornation of perjury and other witness tampering." See id. at 846. These secrecy concerns may be overcome by a showing of a particularized need by Petitioners.
Although the "petitioner's burden of demonstrating a particularized need is not a heavy one," the State and Mendonca must show circumstances that outweigh these secrecy concerns so that this case does not represent an "open sesame" for grand jury disclosures in the future. See id. at 847 (citing Carillo,112 R.I. at 11-12, 307 A.2d at 776-77). Granting the petition in In reYoung, the Court found that the petitioner's particularized need proved that the need for *Page 5 
disclosure substantially outweighed the interests of secrecy in grand jury proceedings. Id. at 848. Specifically, this showing of particularized need included the possibility of settlement and the necessity of the City to assess the claim as it was investigated "impartially by the State under grand jury strictures" as a result of the public mistrust and community strife surrounding the incident. Id. at 848.
In contrast to the In re Young petitioners, the Petitioners in this case have failed to present a particularized need. Their only need for disclosure is to help in trial preparation. Neither the State nor Mendonca explains why they cannot find the relevant information through other means of discovery. Although cost saving can be a consideration in certain circumstances, saving the cost of discovery cannot be the justification for a breach of grand jury secrecy. Compare id. at 847-48 (considering the cost saving to the tax payers as one of many factors which weighed in favor of disclosing the testimony), with Sells Engineering, Inc.,463 U.S. at 431 (citations omitted) (rejecting the argument that the savings in discovery cost that access to a grand jury transcript provides can justify a breach of grand jury secrecy). As a result, in this case, the avoidance of discovery costs falls short of proving that either party would be prejudiced or that an injustice would be done without access to the DeCarlo Grand Jury transcript.See Procter Gamble Co., 356 U.S. at 682. Furthermore, Petitioners' reasoning does not outweigh the interests in maintaining the secrecy of the grand jury minutes prior to DeCarlo's trial.
Thus, the State and Mendonca have failed to show a particularized need for the DeCarlo Grand Jury transcripts at this stage of the litigation, prior to DeCarlo's trial.[1] Petitioners, however, are not precluded from seeking this disclosure should a particularized need arise. *Page 6 
 III Conclusion
This Court finds that Petitioners have not met their burden of proving a particularized need for disclosure of grand jury minutes pursuant to Super R. Crim. P. 6(e). Accordingly, their petition is denied without prejudice.
[1] Upon review, this Court finds that Mendonca, unlike the State, never limits his request to certain portions of the DeCarlo minutes, but instead requests generally "the DeCarlo grand jury minutes." Accordingly, Mendonca fails to show a particularized need because his request is not "structured to cover only material so needed."See In re Young, 755 A.2d at 847.